**NATIONAL TRUST FOR HISTORIC PRESERVATION IN the UNITED STATES, ET AL., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 84–1748.

District of Columbia Court of Appeals.

Argued July 9, 1985.

Decided Oct. 8, 1985.

---

**4.** D.C.Code § 28:2–103(1)(b) (1981).

John R. Risher, Jr., Washington, D.C., with whom R. Steven Holt, Washington, D.C., was on brief, for appellants.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before NEBEKER, FERREN and BELSON, Associate Judges.

NEBEKER, Associate Judge:

This appeal from the Tax Division of the Superior Court presents a single issue: whether these taxpayers, who concededly had not met the jurisdictional prerequisites for filing suit for a refund of real property taxes based on an unlawful assessment, are entitled to an injunction barring collection of the disputed tax. They attack the assessment for failure of the Board of Equalization and Review (Board) to meet a statutory deadline. Appellants argue that they are entitled to equitable relief because they have no adequate remedy at law. They maintain that they, therefore, need not meet the jurisdictional prerequisites of full payment of the challenged tax prior to timely filing of suit, D.C.Code §§ 47–825(i), –3303 (1981 & Supp.1984), and that under the circumstances the statutory bar prohibiting the trial court from enjoining the collection of disputed taxes, D.C.Code § 47–3307 (1981), does not apply. The trial court disagreed and dismissed their actions. We perceive no error in the trial court's judgment and affirm.

I

The parties to this case agree regarding nearly all the significant facts. Appellants contested the assessment value the District assigned to their real property in early 1984 as the basis of their real estate taxes for 1985. They appealed to the Board; their appeals were subsequently denied. Appellants received their real property tax bill for 1985, paid the first-half installment under protest, and sought injunctive relief in the Tax Division on September 25, 1984. The parties disagree only as to the date when the Board certified to the Department of Finance and Review (DFR) the assessment applicable for computation of the 1985 taxes.

D.C.Code § 47–825(g) (1981) requires the Board to certify the preliminary assessment roll as revised by it to DFR on or before June 1 of each year. To meet the June 1 statutory deadline, the Board's regulations require that it must decide an appeal by the same date. 9 DCMR § 2021.7 (1984). According to appellants, the Board initially sustained their appeals on May 31, 1984, and on June 4, 1984, recorded reduced assessments—the same as the previous year's—in the Board's logs. Sometime after June 1, 1984, appellants allege, the Board reconsidered its decision and changed its logs.[1] The panel members of

_____

the Board that had decided these appeals filed an affidavit stating that their final decision to certify the proposed higher assessments "was rendered ... by June 1, 1984." All parties agree as to the significance of the disputed fact: if appellants' allegation is true, the higher assessment serving as the basis for appellants' 1985 real property taxes is unlawful.

II

The trial court found that appellants have access to an adequate remedy at law by meeting the jurisdictional prerequisites of full payment of the disputed tax and filing suit within the statutorily specified six-month period. D.C.Code §§ 47–825(i), –3303 (1981 & Supp.1984); *1776 K Street Associates v. District of Columbia*, 446 A.2d 1114 (D.C.1982).[2] The trial court found, therefore, that the anti-injunction statute, D.C.Code § 47–3307 (1981), barred any grant of equitable relief. Section 3307 provides:

> No suit shall be filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax.

The statute precludes equitable relief when there is an adequate remedy at law and ensures that the requirements of D.C.Code § 47–3303, that taxes be paid before they are challenged, is not circumvented. Appellants contend that the trial court erred in its major premise, that there is an adequate remedy at law. They question whether the Tax Division of the Superior Court can reach the deficiencies they assert in the Board's procedures.

Appellants' doubts are groundless. D.C.Code § 47–3303 permits suit in the Superior Court by any person "aggrieved by any assessment by the District."[3] To determine whether a person is "aggrieved" by an assessment necessarily permits inquiry into and disposition of all relevant questions of fact and law. The Tax Division is empowered to "[quash], set aside, or [declare] void" a tax or assessment unlawful "for any technical reason," triggering the Mayor's power and duty to reassess the property. D.C.Code § 47–839 (1981). The trial court can accordingly reach the question of fact disputed by the parties, that is, whether the Board acted outside the statutory deadline set in D.C.Code § 47–825(g).

Once the question of fact has been decided, should appellants be entitled to relief, pecuniary relief is available within the statutory scheme. The trial court may set the figure it determines is the lawful assessment, that figure to apply until there has been a lawful reassessment. *See* D.C. Code § 47–3303; *see also* D.C.Code § 47–839; *District of Columbia v. Burlington Apartment House Co.*, 375 A.2d 1052, 1056 (D.C.1977) (en banc) (once jurisdiction has attached in the trial court to consider the legality of a particular valuation, the court's valuation must remain binding until it is superseded by a lawful substitute). The Tax Division has jurisdiction to order refund or credit to the taxpayer of any overpayment, plus interest of 6 percent per year from the date the overpayment was paid until the date of the refund. D.C.Code

---

the panel of the Board who conducted the hearing and made the initial decision. The three members of the hearing panel filed an affidavit stating that the proposed assessments being challenged were sustained in the final decision of the panel.

2. We judicially note that, while this appeal has been pending, appellants have met the jurisdictional prerequisites for a refund suit—full payment of the disputed tax and filing of suit within six months after October 1 of the year in which the challenged assessment was made. They have filed suit for refund in the Tax Division in *National Trust for Historic Preservation in the United States v. District of Columbia*, Tax Docket Nos. 3601–85 to 3607–85, filed March 29, 1985.

3. D.C.Code § 47–3303 does not by its own terms encompass real estate assessments. D.C.Code § 47–3305 (1981), however, applies § 47–3303 to appeals to real estate assessments.

§ 47–3310(b)–(d) (1981). We perceive no inadequacy in this remedy at law.[4]

### III

A trial in the Tax Division of the Superior Court is the appropriate forum in which appellants may seek to establish the factual predicate underlying their claim. The law provides adequate remedies to appellants. The trial judge thus did not err in dismissing their suit in equity.

*Affirmed.*

---

4. This appeal is readily distinguishable from cases cited by appellants where equitable relief was granted. In *District of Columbia v. Burlington Apartment House Co., supra,* 375 A.2d at 1056, the taxpayers, there appellees, had satisfied the jurisdictional prerequisites to suit and had prevailed at trial. The question on appeal was prospective application of the assessment figure set by the trial court. In *District of Columbia v. Green,* 310 A.2d 848 (D.C.1973), the trial court, unlike here, found no adequate remedy at law where the agency was, in effect, applying new rules without following the required rulemaking procedures. Finally, *Tumulty v. District of Columbia,* 69 App.D.C. 390, 102 F.2d 254 (1939), involved a change of tax records on personalty without notice to the owner of the property. Appellants claim they have been injured by the procedures, rather than the assessment itself. We conclude that the correction of the assessment, if correction is warranted, with accompanying refund or credit, is an adequate remedy for any shortcomings in procedure.